# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Timothy Stuart<br>2250 P Street<br>Barstow, CA 92311<br><br>       Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership<br>4777 Hilton Corporate Drive<br>Columbus, OH 43232<br><br>       Defendant. | Case No. 2:08-cv-0330<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplementary Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around early October 2007, Defendant telephoned Plaintiff at Plaintiff's place of employment.

10. During the communication referenced in Paragraph 9, Plaintiff notified Defendant that it was inconvenient for Plaintiff to received Defendant's telephone calls at his place of employment.

11. Despite the notice referenced in Paragraph 10, Defendant telephoned Plaintiff at Plaintiff's place of employment on numerous occasions throughout October 2007.

12. During several of the communications referenced in Paragraph 11, Plaintiff reiterated that it was inconvenient for Plaintiff to receive Defendant's telephone calls at his place of employment.

13. On or around October 15, 2007, Plaintiff sent Defendant a facsimile notifying Defendant that it was inconvenient for Plaintiff to receive Defendant's telephone calls at his place of employment.

14. Despite the notices referenced in Paragraphs 10, 12 and 13, Defendant continued to call Plaintiff at Plaintiff's place of employment.

15. During several of the communications referenced in Paragraph 11, Defendant spoke to Plaintiff in an abusive and belligerent manner.

16. During several of the communications referenced in Paragraph 11, Defendant threateningly told Plaintiff that Defendant knew more about Plaintiff than Plaintiff knew about himself.

17. During one of the communications referenced in Paragraph 11, Defendant told Plaintiff to stop being a "smart [expletive]" and get the matter resolved.

18. During one of the communications referenced in Paragraph 11, Defendant yelled at Plaintiff and asked Plaintiff to get the "matter" resolved.

19. During the communication referenced in Paragraph 18, Defendant threateningly told Plaintiff to stop having his co-workers tell Defendant that Plaintiff worked nights since Plaintiff was there "now."

20. During several of the communications referenced in Paragraph 11, Defendant left messages on an answering machine at Plaintiff's place of employment.

21. On several occasions, Plaintiff's co-workers overheard the messages Defendant left on the answering machine at Plaintiff's place of employment.

22. As a result of the messages referenced in Paragraph 21, Plaintiff's co-workers learned that Plaintiff owed a debt and/or that Defendant was a debt collector.

23. As a result of Defendant's repeated calls to Plaintiff's place of employment, in or around late October 2007, Plaintiff's boss telephone Defendant and asked Defendant to stop calling Plaintiff at the place of employment.

24. In or around October 2007, Defendant telephoned Plaintiff's parents on several occasions.

25. At the time of the communications referenced in Paragraph 24, Defendant had Plaintiff's location information.

26. During one of the communications referenced in Paragraph 24, Defendant spoke to Plaintiff's father ("Father").

27. During the communication referenced in Paragraph 26, Defendant told Father that Plaintiff owed a debt.

28. In or around October 2007, Defendant telephoned Plaintiff's parents' neighbor ("Neighbor").

29. During the communication referenced in Paragraph 28, Defendant asked Neighbor to give Plaintiff a message to call Defendant.

30. At the time of the communication referenced in Paragraph 28, Defendant had Plaintiff's location information.

31. Defendant damaged Plaintiff emotionally and mentally and caused substantial anxiety and stress.

32. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive Defendant's phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient to Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

44. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

45. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT EIGHT

### Invasion of Privacy by Intrusion upon Seclusion

46. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

47. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

48. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

49. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

50. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

51. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## COUNT NINE

### Invasion of Privacy by Public Disclosure of a Private Fact

52. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

53. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's father.

54. The disclosure of Plaintiff's debt to Plaintiff's father is highly offensive.

55. Plaintiff's debt is not of legitimate concern to the public.

## JURY DEMAND

56. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

57. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:     /s/ Richard J. Meier
    Richard J. Meier
    Sears Tower
    233 S. Wacker Dr.
    Suite 5150
    Chicago, IL 60606
    Tel: 866.339.1156
    Fax: 312.822.1064
    Email:  rjm@legalhelpers.com
    *Attorney for Plaintiff*